UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**Angela West**                                                                                          **Plaintiff**

v.                                                                                                            No. 3:19-cv-911-BJB

**Department of Veterans Affairs, et al.**                                                  **Defendants**

\* \* \* \* \*

### M<small>EMORANDUM</small> O<small>PINION AND</small> O<small>RDER</small>

      Angela West, a federal employee, filed an employment-discrimination suit against the Department of Veterans Affairs, the Secretary of the Department of Veterans Affairs, the Veterans Administration, and the Louisville Veterans Administration Hospital. Complaint [DN 1]. The Assistant United States Attorney who appeared on behalf of the Department of Veterans Affairs explained, without objection, that the Department was the proper defendant, at least for purposes of this motion. Transcript at 2:14–3:7. After briefing and argument on the Department's motion to dismiss [DN 12], the parties agree that the appropriate course at this juncture is for the Court to grant the motion without prejudice.

      To survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must "plausibly sugges[t]" that the plaintiff can establish the elements of the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "And a plaintiff's suggestion is plausible when it contains enough factual content that the court can reasonably infer that the defendant is liable." *Doe v. Baum*, 903 F.3d 575, 580 (6th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

      The procedural background here is dispositive. After West filed her complaint, the Department moved to dismiss the complaint on three grounds: (1) the Court lacked subject-matter jurisdiction over the Kentucky Civil Rights Act and unidentified common-law claims because the United States has sovereign immunity, (2) West did not properly effect service, and (3) West failed to exhaust her administrative remedies. Motion to Dismiss [DN 12] at 1, 10.

      In response, West filed an amended complaint [DN 13-2]. The Federal Rules of Civil Procedure allowed West to do so "as a matter of course" since she acted fewer than "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). The amended complaint dropped the initial complaint's state-law and common-law claims. The pleadings also no longer alleged that West filed an U.S. Equal Employment Opportunity Commission claim and received a right-to-sue letter from the EEOC; instead, the filing made clear that she only filed an Equal Employment Opportunity informal complaint. *See* Amended Complaint at ¶¶ 50–51. The government's reply did not contest West's eligibility to file an amended complaint, but argued the amendments didn't solve her jurisdictional and service problems. Reply [DN 14] at 2.

At oral argument on the motion to dismiss, both parties agreed that the amended complaint is the operative complaint under Rule 15, and West confirmed that no state-law claims remain before the Court. Transcript at 4:23–5:2; 6:16–19; 9:13–19. West also argued, for the first time, that the amended complaint mooted the government's motion to dismiss. *Id.* at 6:22–25.

Nothing prevented West from raising this procedural objection before the hearing, however, as counsel acknowledged. *Id.* at 8:14–9:12. And neither party identified any specific argument it would've made differently had the government taken West's preferred course and refiled its motion to dismiss rather than filing its reply. Because the government's motion and reply address the same alleged defects in both the initial and amended complaints, no purpose would be served by refiling the motion after briefing and argument that comprehensively addressed the allegations of the amended complaint. Many courts and commentators have recognized that "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *See Rountree v. Dyson*, 892 F.3d 681, 683–84 (5th Cir. 2018) (quoting 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1476 (3d ed.) (collecting cases)); *see also Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499–500 (S.D. Ohio 2002).

Neither of the complaints, nor the motion to amend, nor the arguments of counsel indicate West properly served the government. A plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court," absent a showing of good cause, which West has not attempted here, "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Counsel argued during the hearing that she believes the United States Attorney's Office was "on notice" of the case and received a copy of the amended complaint, which West sent "with tracking." Transcript at 11:24–12:5;12:22–13:14. But West offered no proof of this. And Rule 4(i)(1) specifically requires that parties "serve the United States" by sending a copy to the Attorney General and by either "deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" or by sending them by registered or certified mail to the U.S. Attorney's office. The record contains no evidence that West served the United States Attorney's Office, and the Assistant United States Attorney reported (without objection) that the Attorney General's Office confirmed no summons or complaint were served. Transcript at 12:11–14.

As to exhaustion, "a precondition to filing a Title VII suit" under 42 U.S.C. § 2000e-16(c), West has failed to allege that she received a right-to-sue letter from the Equal Employment Opportunity Commission, and admitted as much at the hearing. *See Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008); Amended Complaint at ¶¶ 50–55; Tr. at 13:24–14:1. Nor has West offered any argument that the Court should excuse her failure to exhaust administrative remedies. The complaint as amended, therefore, could not survive the government's motion to dismiss on this alternative ground. *Lockett*, 259 F. App'x at 786 (affirming dismissal of Title VII claim for failure to exhaust remedies).

West and the government agree that dismissal under these circumstances is appropriate, albeit without prejudice. Transcript at 26:8–27:13. Should West move to re-file her allegations, she would

need to address the purported shortcomings of her prior filings as identified by the motion to dismiss, as well as the timeliness of her suit, as discussed at oral argument. *Id.* at 24:13–18.

## ORDER

The Court **GRANTS** West's motion to amend her complaint and **GRANTS** the Department's motion to dismiss the operative complaint without prejudice.

Benjamin Beaton, District Judge
United States District Court

April 7, 2021

cc: counsel of record